**IN THE COURT OF APPEALS OF IOWA**

No. 15-0838
Filed July 9, 2015

**IN THE INTEREST OF S.R. and R.C.,**
    **Minor Children,**

**A.V., Mother,**
    Appellant.

_____

    Appeal from the Iowa District Court for Wapello County, William S. Owens,

Associate Juvenile Judge.


    A mother appeals the termination of her parental rights to two children.

**AFFIRMED.**


    Sarah Wenke of Wenke Law Office, Ottumwa, for appellant.

    Thomas J. Miller, Attorney General, Bruce Kempkes and Kathrine S.
Miller-Todd, Assistant Attorneys General, Gary Oldenburger, County Attorney,
and Elizabeth Kenyon, Assistant County Attorney, for appellee.

    Jeffrey Logan of Patrick F. Curran, P.C., Ottumwa, for father of S.R.

    Stephan H. Small of Stephan H. Small, P.C., Fairfield, attorney and
guardian ad litem for minor child.

    Robert Bozwell Jr. of Bozwell Law Office, Centerville, for father of R.C.


    Considered by Tabor, P.J., McDonald, J., and Miller, S.J.*

    *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**TABOR, P.J.**

Amanda is the mother of six-year-old S.R. and two-year-old R.C. She contends her close relationship with the children should have precluded termination under Iowa Code section 232.116(3)(c). The juvenile court considered this factor, but did not find clear and convincing evidence of such a strong attachment that termination would be detrimental to the children. We agree with the juvenile court's assessment of the evidence and affirm the termination order.

This family first came to the attention of the Iowa Department of Human Services (DHS) in 2011. The report alleged Amanda was using illegal drugs while caring for her daughter S.R., who was then three years old, prompting removal and adjudication of S.R. as a child in need of assistance (CINA) in April 2011. S.R. was returned to Amanda's custody after more than two years, and the court dismissed those CINA proceedings in August 2013. By then Amanda had a second daughter, R.C.

But the family again came to the attention of DHS in January 2014, when Amanda and her paramour were alleged to be under the influence of illegal drugs, putting both S.R. and R.C. at risk. Amanda took a drug test and the results came back positive for methamphetamine, marijuana, and a prescription medication. Amanda admitted taking prescription pain medication but denied any other drug use. The children were removed from Amanda's care and on February 26, 2014, the court adjudicated them as CINA. The court held a

dispositional hearing on April 2, 2014, affirming the children's placement in foster care.

Despite recommendations from DHS, Amanda has not fully addressed either her mental health or substance abuse needs. She participated in a mental health assessment in July 2014 and received a diagnosis of anxiety and depression, but she failed to follow up with the recommended individual therapy. As for substance abuse treatment, she did enroll at the Heart of Iowa facility in August 2014. But at admission she tested positive for amphetamines, marijuana, and benzodiazepines. Amanda was lax in her participation and left the program nine days later against medical advice.[1]

In the fall of 2014, Amanda failed to exercise visitation with S.R. and R.C. for a seven-week stretch. "She just kind of went off the grid, Amanda did, for a while," according to the case worker. When Amanda resumed visits, she revealed she was five months pregnant with a third child. Amanda denied using drugs during her pregnancy, but the baby's umbilical cord tested positive for methamphetamines, amphetamines, opiates, and marijuana when she was born in March 2015.[2]

On January 13, 2015, the State filed a petition seeking to terminate Amanda's parental rights.[3] The guardian ad litem for the children filed a response in support of termination. The court held a hearing on April 20, 2015. In support of its petition, the State offered testimony from the case workers who

---

[1] She did not re-enter substance abuse treatment until February 2015.
[2] That child is not part of these proceedings.
[3] The petition also sought to terminate the rights of both fathers. The court granted those terminations, but neither father is a party to this appeal.

recommended termination based on Amanda's unaddressed mental health and substance abuse issues. Amanda took the stand in opposition to the termination. On April 27, 2015, the juvenile court issued an order terminating Amanda's parental rights under Iowa Code section 232.116(1)(f)[4] (2013) as to S.R. and section 232.116(1)(h)[5] as to R.C. Amanda now appeals.

We review termination of parental right proceedings de novo. *In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014).

Amanda does not contest the statutory grounds for termination under section 232.116(1) nor does she allege termination was not in the best interest of the children under section 232.116(2). Accordingly, she waives any claim of error related to those grounds. *See Hyler v. Garner*, 548 N.W.2d 864, 870 (Iowa 1996) ("[O]ur review is confined to those propositions relied upon by the appellant for reversal on appeal."). Therefore, we affirm the termination of her parental rights under section 232.116(1)(f) as it relates to S.R. and (h) as it relates to R.C. We also find termination serves the best interests of the children under the framework in section 232.116(2).

---

[4] To terminate under section 232.116(1)(f), the State must show by clear and convincing evidence the child is four years of age or older; has been adjudicated in need of assistance; has been removed from the physical custody of the parents for at least twelve of the last eighteen months, or the last twelve consecutive months; and there is clear and convincing evidence that at the time of the termination hearing the child could not be returned to the parent's custody as provided in section 232.102. *See* Iowa Code § 232.116(1)(f).

[5] Under section 232.116(1)(h), the court must find clear and convincing evidence that the child is three years old or younger, has been adjudicated a child in need of assistance, has been removed from the parent's physical care for the requisite period of time (at least six months), and cannot be returned to the parent's custody at the time of termination. *See* Iowa Code § 232.116(1)(h).

Amanda's only challenge involves subsection (3). "A finding under subsection 3 allows the court not to terminate" even when the statutory grounds are met under subsection (1). *A.M.*, 843 N.W.2d at 113. The factors weighing against termination in subsection (3) are permissive, not mandatory; the juvenile court may use its discretion, "based on the unique circumstances of each case and the best interests of the child," in deciding whether to apply the factors in this subsection to save the parent-child relationship. *Id.*

Amanda argues clear and convincing evidence existed that termination would be detrimental to the children because of the closeness of their relationship with her. *See* Iowa Code § 232.116(3)(c). She asserts "the family was happy to see and spend time with each other."

The witnesses indicated the sisters shared a strong bond and did not dispute that Amanda had a warm relationship with her daughters. But the evidence did not show the girls were so close to their mother that termination would result in long-term harm to S.R. and R.C. After reviewing the evidence anew, we agree with the juvenile court's conclusion:

> Amanda loves her children, but there is no evidence to show she has such a closely bonded relationship with them that severing that relationship would be detrimental to the children. The children are doing well in foster care, and based on the record presented, . . . the children are in need of permanency. The record shows the best way for that to be achieved is through termination and adoption.

Amanda has continued to use drugs during the course of these proceedings and has been dishonest about that drug use. While we do not diminish the satisfaction the children take from visits with their mother, their prospects are brighter when their mother's illicit drug use is not an ongoing concern. The

children are adoptable and need permanency that Amanda is unable to provide. S.R. has been out of Amanda's care for all but ten months in the past four years. R.C. has been out of Amanda's care for fifteen months, a majority of the child's life. The children's bond with Amanda does not outweigh their need for permanency. *See In re D.W.*, 791 N.W.2d 703, 708-09 (Iowa 2010) (holding courts must consider whether disadvantage caused by termination would be more compelling than parent's inability to care for children's developing needs). Therefore, we affirm the termination.

**AFFIRMED.**